## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY L. GAULT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SUE A. MCINTOSH, as Executor ) <br> For the Estate of BOBBY L. MCINTOSH, and ) <br> SUE A. MCINTOSH, Individually, ) <br> ) <br> MATTHEW A. STOCKE, as Representative ) <br> For the Estate of LANNY A. STOCKE, and, ) <br> ) <br> ILLINOIS CENTRAL RAILROAD COMPANY, ) <br> ) <br> **Serve:**   **Sue A. McIntosh** ) <br> **107 Chimney Rock** ) <br> **Cape Girardeau, MO 63701** ) <br> ) <br> **Matthew A. Stocke** ) <br> **7305 Hidden Springs Ct.** ) <br> **Georgetown, IN 47122** ) <br> ) <br> **Illinois Corporation Service** ) <br> **801 Adlai Stevenson Drive** ) <br> **Springfield, IL 62703** ) <br> ) <br> Defendants. ) | Case No. 3:23-cv-419 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT
## COUNT I [McIntosh Estate – Negligence (Premises Liability)]

COMES NOW the Plaintiff, TIMOTHY L. GAULT, by and through his attorneys, Kujawski & Associates, LLC, and for Count I of his Complaint against Defendant SUE A. MCINTOSH, as Executor for the Estate of BOBBY L. MCINTOSH, and states as follows:

Case No. 3:23-cv-419
1

## I. INTRODUCTION

1. The Last Will and Testament of Bobby L. McIntosh was admitted to probate in the Circuit Court of Pulaski County in the State of Illinois in case number 2020-P-7, wherein Sue A. McIntosh, a resident of Cape Girardeau, MO, was appointed Independent Executor of his Last will and Testament, and empowered to sell and dispose of the assets of the estate of Bobby L. McIntosh at the time of his death on June 20, 2020.

2. The Last Will and Testament of Lanny A. Stocke was admitted to probate in the Circuit Court of White County in the State of Illinois in case number 2021-P-22, wherein Matthew A. Stocke, of Georgetown, Indiana, was appointed Representative of his Last will and Testament, and empowered to sell and dispose of the assets of the estate of Lanny A. Stocke at the time of his death on February 23, 2021.

## II. JURISDICTION AND VENUE

3. This action arises under 28 U.S.C. 1332 in that the amount in controversy exceeds $75,000.00 and there is diverse citizenship among all of the parties.

4. This action arises independently against Defendant Illinois Central Railroad Company based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C. Sections 51 *et. seq.*

5. The accident giving rise to this action occurred within this district, and venue is therefore proper pursuant to 28 U.S.C. 1391(b)(2).

## III. FACTUAL ALLEGATIONS

6. On February 23, 2021, or on a date known more certainly to Defendants, Timothy L. Gault, was operating a north bound Canadian National Train (CN5768) at or

about the privately owned railroad crossing of McIntosh Road approximately 135 feet west of U.S. Rt. 51 in Pulaski County, Illinois.

7. That at all times relevant herein, Driver Lanny A. Stocke, along with his passenger Betty R. Stocke, were traveling west in a vehicle on McIntosh Road approximately 135 feet west of U.S. Rt. 51 across the aforementioned railroad crossing when Mr. Stocke caused his vehicle to collide with a north bound Canadian National Train (CN5768) operated by Plaintiff.

8. That at all times relevant herein, Bobby L. McIntosh, was the owner of the private railroad crossing and surrounding 80-acre land parcel.

9. That at all times relevant herein, Bobby L. McIntosh, had a duty to maintain and keep free from dangerous or hazardous condition the aforementioned railroad crossing and surrounding 80-acre land parcel.

10. That at said time and place, and at all times relevant, Timothy L. Gault was free from contributory negligence.

11. That at said time and place, Bobby L. McIntosh was then and there guilty of one of more of the following negligent acts and/or omissions, to wit:

(a) Failed to properly maintain or otherwise keep free from dangerous or hazardous condition the aforementioned railroad crossing;

(b) Failed to properly maintain or otherwise keep free from dangerous or hazardous condition the land abutting McIntosh Road;

(c) Failed to cut the vegetation to allow motorists to see oncoming trains;

(d) Failed to maintain McIntosh Road to prevent motorists from becoming distracted as they approached the railroad crossing, which would have allowed motorists to search for oncoming trains;

(e) Failed to warn of a known dangerous condition on his property; and,

    (f)    Allowed unsafe practices to become common practices.

12.    That as a direct and proximate result of one or more of the above negligent acts or omissions, Timothy L. Gault sustained severe and permanent injuries, to wit: physical injuries to the brain and central nervous system, emotional injuries manifesting as PTSD; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff, TIMOTHY L. GAULT, prays for judgment against the Defendant, SUE A. MCINTOSH, as Executor for the Estate of BOBBY L. MCINTOSH, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) to adequately, fairly and reasonably compensate her for damages sustained herein plus costs of this suit, plus pre-judgment interest, post-judgment interest, and all other relief deemed appropriate by this Court.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT II**
**[Sue A. McIntosh, Individually (Breach of Fiduciary Duty/Negligence)]**

COMES NOW the Plaintiff, TIMOTHY L. GAULT, by and through his attorneys, Kujawski & Associates, LLC, and for Count II of his Complaint against Defendant SUE A. MCINTOSH, and states as follows:

1-10.   Plaintiff incorporates by reference paragraphs 1-10 of Count I.

11.   As the Executor to the Estate of Bobby L. McIntosh at the time of the accident, Defendant had actual or constructive notice of the aforementioned accident, which occurred on property that was a part of the Estate and/or owned personally by Sue A. McIntosh.

12.   Sue A. McIntosh had actual or constructive notice of previous accidents which occurred at the location of the accident at issue.

13.   On April 16, 2021, Defendant signed a Stipulation for Entry of an Order Approving Family Settlement Agreement.

14.   On May 13, 2021, Sue A. McIntosh, Executor of the Estate of Bobby L. McIntosh executed the property to herself in an individual capacity via Executor's Deed, which was recorded on May 18, 2021, and thereby became the sole legal owner of the property at issue.

15.   That at said time, Plaintiff had a known or reasonably ascertainable claim against the Estate of Bobby L. McIntosh.

16.   That at said time and place, Sue A McIntosh committed one or more of the following acts and/or omissions to wit:

(a)   Failed to exercise due diligence to identify Plaintiff as a known or reasonably ascertainable creditor to the Estate for which she was the appointed Executor;

(b)   Failed to notify Plaintiff of the established Estate for which she was the appointed Executor;

(c)   Failed to warn of a known dangerous condition on her property;

(d)   Failed to properly maintain or otherwise keep free from dangerous or hazardous condition the aforementioned railroad crossing;

    (e)    Failed to properly maintain or otherwise keep free from dangerous or hazardous condition the land abutting McIntosh Road;

    (f)    Failed to cut the vegetation to allow motorists to see oncoming trains;

    (g)    Failed to maintain McIntosh Road to prevent motorists from becoming distracted as they approached the railroad crossing, which would have allowed motorists to search for oncoming trains; and

    (h)    Allowed unsafe practices to become common practices.

    17.    That as a direct and proximate result of one or more of the above negligent acts or omissions, Timothy L. Gault sustained severe and permanent damages, to wit: the deprivation of his right to recover remuneration or financial compensation in a cause of action against the Estate of Bobby L. McIntosh. These injuries include the physical injuries to the brain and central nervous system, emotional injuries manifesting as PTSD; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

    WHEREFORE, the Plaintiff, TIMOTHY L. GAULT prays for judgment against the Defendant, SUE A. MCINTOSH, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) to adequately, fairly and reasonably compensate her for damages sustained herein plus costs of this suit, plus pre-judgment interest, post-judgment interest, and all other relief deemed appropriate by this Court.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT III**
**[Stocke Estate – Negligence]**

COMES NOW the Plaintiff, TIMOTHY L. GAULT, by and through his attorneys, Kujawski & Associates, LLC, and for Count III of his Complaint against Defendant MATTHEW A. STOCKE, as Representative For the Estate of LANNY A. STOCKE, and states as follows:

1-10.  Plaintiff incorporates by reference paragraphs 1-10 of Count I.

11.  That at said time and place, Lanny A. Stock, was then and there guilty of one of more of the following negligent acts and/or omissions, to wit:

(a)  Entered a railroad grade crossing in violation of 625 ILCS 5/11-1425(a);

(b)  Parked a vehicle on railroad tracks in violation of 625 ILCS 5/11-1303(a)(1)(h);

(c)  Allowed his vehicle to collide with the locomotive Plaintiff was operating;

(d)  Failed to keep his vehicle under proper control;

(e)  Disregarded the open and obvious nature of the railroad crossing at issue, which any reasonable driver would have recognized as a railroad crossing of which a vehicle cannot traverse while a train is crossing;

(f)  Failed to keep a proper lookout; and,

(g)  Failed to yield to an oncoming train.

12.  That as a direct and proximate result of one or more of the above negligent acts or omissions, Timothy L. Gault sustained severe and permanent injuries, to wit: physical injuries to the brain and central nervous system, emotional injuries manifesting as PTSD; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that

Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff, TIMOTHY L. GAULT, prays for judgment against the Defendant, MATTHEW A. STOCKE, as Executor for the Estate of BOBBY L. MCINTOSH, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) to adequately, fairly and reasonably compensate her for damages sustained herein plus costs of this suit, plus pre-judgment interest, post-judgment interest, and all other relief deemed appropriate by this Court.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT IV - FELA**

COMES NOW the Plaintiff, TIMOTHY L. GAULT, by and through his attorneys, Kujawski & Associates, LLC, and for Count I of Plaintiff's Petition against Defendant, Illinois Central Railroad Company (hereinafter referred to as "Defendant Railroad"), states to the Court as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C. Sections 51 *et. seq.*, and 45 U.S.C.A. Section 53, as hereinafter more fully shown.

2. That at all times mentioned herein, Defendant Railroad was and is a corporation controlled, operated, and maintained in interstate commerce, engaged in

transporting interstate commerce between various states by rail including the states of Illinois and Iowa.

3. That on or about February 23, 2021, or on a date known more certainly to the Defendant, and at all times mentioned herein, Plaintiff was an employee of Defendant Railroad and had been for several years prior thereto.

4. That at all times mentioned herein, all or part of the duties of Plaintiff as such an employee furthered interstate commerce conducted by Defendant Railroad or in some way directly or substantially affected said commerce.

5. That on or about the above-said date, and at all times relevant herein, Plaintiff was employed by Defendant Railroad as an Engineer and as such, was in the performance of his duties at or about the privately owned railroad crossing of McIntosh Road approximately 135 feet west of U.S. Rt. 51 in Pulaski County, Illinois.

6. That on or about February 23, 2021, or on a date known more certainly to the Defendant, Plaintiff was operating Canadian National Train (CN5768) northbound when it collided with a vehicle operated by Lanny A. Stocke.

7. That at said time and place, Defendant Railroad, by and through its agents, servants, and employees, violated the Federal Employers' Liability Act, 45 U.S.C. Sections 51 *et. seq.*, by committing one or more of the following acts or omissions in violation of the Act, to wit:

(a) Failed to conduct traffic counts after prior accidents at the crossing to upgrade the crossing with gates and lights;

(b) Failed to issue speed restrictions for the crossing after prior accidents occurred at the crossing;

(c) Failed to cut the vegetation within its right-of-way to allow motorists to see oncoming trains;

    (d)    Failed to warn its conductors and engineers of prior accidents at the crossing;

    (e)    Failed furnish Plaintiff with a reasonably safe place in which to work;

    (f)    Failed to provide Plaintiff with reasonably safe methods to perform his work;

    (g)    Failed to provide Plaintiff a place of employment free from hazards that could cause serious bodily harm;

    (h)    Allowed unsafe practices to become the common practice.

8.    That as a direct and proximate result of one or more of the above negligent acts or omissions, Timothy L. Gault sustained severe and permanent injuries, to wit: physical injuries to the brain and central nervous system, emotional injuries manifesting as PTSD; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff, TIMOTHY L. GAULT, prays judgment against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate Plaintiff for the damages sustained therein, costs of this suit plus interest and for any other relief that this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

**KUJAWSKI & ASSOCIATES, LLC**

By:  s/ John P. Kujawski
**JOHN P. KUJAWSKI, #3128922**
1331 Park Plaza Drive, Suite 2
O'Fallon, Illinois 62269-1764
Telephone:   (618) 622-3600
Facsimile:    (618) 622-3700
Email: bmalter@kujawskiassociates.com
**ATTORNEYS FOR PLAINTIFFS**