IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY L. GAULT, and <br> DENA GAULT, <br><br> Plaintiffs, <br><br> vs. <br><br> SUE A. MCINTOSH *as Executor for the Estate of Bobby L. McIntosh, and Individually*, <br> MATTHEW A. STOCKE <br> *as Representative for the Estate of Lanny A. Stocke,* and <br> ILLINOIS CENTRAL RAILROAD COMPANY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )  Case No. 23-cv-419-DWD <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

In light of Seventh Circuit admonitions, *see*, e.g., *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken an initial review of the Complaint to ensure that jurisdiction has been properly pled. The Court notes the following defects in the Complaint's jurisdictional allegations:

1. **Diversity Jurisdiction - Failure to Allege the Citizenship of the Parties.** Plaintiffs' Complaint asserts diversity jurisdiction under 28 U.S.C. § 1332. As support, Plaintiffs allege that "the amount in controversy exceeds $75,000.00 and there is diverse citizenship among all of the parties." The Complaint, however, is devoid of any reference to the citizenship of the parties. The Complaint alleges Defendant Sue A. McIntosh (executor of the estate of Bobby L. McIntosh) is a

resident of Cape Girardeau, Missouri and that Defendant Matthew A. Stocke (representative of the estate of Lanny A. Stocke) is "of Georgetown, Indiana." However, "residence and citizenship are not synonyms, and it is the latter that matters for purposes of the diversity jurisdiction." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Further, where a suit is brought on behalf of the estate of a decedent, the citizenship of the legal representative of the estate shall be deemed to be that of the decedent. 28 U.S.C. § 1332(c)(2); *see Konradi v. United States*, 919 F.2d 1207, 1214 (7th Cir. 1990). The Complaint also fails to allege the citizenship of Plaintiffs Timothy and Dena Gault, and of Defendant Illinois Central Railroad Company.

2. **Federal Question Jurisdiction.** In the civil cover sheet, Plaintiffs checked the box for federal question jurisdiction (the box for diversity jurisdiction was not checked). In the Complaint, Plaintiffs allege that "[T]his action arises independently against Defendant Illinois Central Railroad Company based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C. Sections 51 *et. seq.*" This allegation is sufficient to establish subject matter jurisdiction as to the federal claim brought against Illinois Central Railroad Company (Count IV). However, standing alone, it does not establish jurisdiction as to the non-federal claims against the remaining defendants (Counts II through

III).[1] Under 28 U.S.C. § 1367(a), a federal court with original jurisdiction over a claim may, in its discretion, exercise supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). *See also Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) ("Section 1367(a) expressly encompasses both pendent claim and pendent party jurisdiction."). Plaintiffs, however, have not invoked Section 1367(a) as a basis for exercising subject matter jurisdiction over their non-federal claims.

3. To establish subject matter jurisdiction over the non-federal claims, Plaintiffs must adequately allege diversity jurisdiction as to *all* parties as set forth above. Alternatively, Plaintiffs must establish that it is appropriate for the Court to exercise supplemental jurisdiction under Section 1367(a).

Accordingly, the Court **ORDERS** Plaintiffs to file an amended complaint, correcting the jurisdictional defects, on or before April 21, 2023. Failure to amend the Complaint may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED.**

Dated: April 11, 2023

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

---

[1] The Complaint does not include a Count I. It appears, however, that the allegations contained in ¶¶ six through twelve of the Complaint, directed against Sue McIntosh as executor of the estate of Bobby McIntosh, are meant to be Count I.