IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY L. GAULT, and <br> DENA GAULT, <br><br> Plaintiffs, <br><br> vs. <br><br> SUE A. MCINTOSH *as Executor for the Estate of Bobby L. McIntosh, and Individually*, <br> MATTHEW A. STOCKE <br> *as Representative for the Estate of Lanny A. Stocke,* and <br> ILLINOIS CENTRAL RAILROAD COMPANY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Case No. 23-cv-419-DWD <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This is the third time the Court has entered an order as to jurisdictional deficiencies in Plaintiffs' complaint. In response to the Court's most recent order, Plaintiffs filed an amended complaint citing to *Kauth v. Hartford Insurance Co.*, 852 F.2d 951, 958 (7th Cir.1988), for the proposition that "the [complete diversity] rule of does not require dismissal of claims against nondiverse defendants if plaintiff has an independent basis of jurisdiction over them." The Court does not disagree with this principle, but it does not excuse Plaintiffs' from failing to comply with the Court's prior jurisdictional orders.

Here, Plaintiffs (who are citizens of Illinois) bring a FELA claim against Illinois Central Railroad (also a citizen of Illinois).[1] The Court acknowledges that under *Kauth* the claims against Illinois Central Railroad need not be dismissed for lack of subject matter jurisdiction. But that is neither here nor there. As previously noted, the Third Amended Complaint provided enough information for the Court to evaluate federal question jurisdiction as to Plaintiffs' claims against Illinois Central Railroad. Further, because the remaining state law claims pertain to the same accident, the Court has *discretion* to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(a),; *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995).

The Court, however, has directed Plaintiffs, on two occasions, to specify the citizenship of all parties in this action. Specifically, the Court directed Plaintiffs to specify the citizenship of each decedent before his death. <u>As the Court has previously explained, regarding claims against each decedent's estate, it is the citizenship of the decedent that is relevant, not the citizenship of the estate's representative. *See* 28 U.S.C. § 1332(c)(2); *Konradi v. United States*, 919 F.2d 1207, 1214 (7th Cir. 1990)</u>. The Court needs this information in order to properly assess its jurisdiction not only today, but in the future. If the FELA claim against Illinois Central Railroad does not survive, the Court needs to know the basis for exercising jurisdiction over the remaining state law claims. Is the Court exercising discretionary supplemental jurisdiction over those claims or does diversity jurisdiction exist? The Court cannot make this evaluation without knowing the

---

[1] Despite alleging diversity as a basis for jurisdiction, Plaintiffs did not allege their citizenship until the filing of the Second Amended Complaint. (Doc. 24). The Third Amended Complaint indicates, for the first time, that Illinois Central Railroad is a citizen of Illinois but fails to allege the citizenship of the Plaintiffs.

citizenship of each party. Further, the Court requires that information in a single pleading, not scattered between several amended complaints. Accordingly, for the third time, the Court **ORDERS** Plaintiffs to file a supplemental brief. The supplemental brief shall state the citizenship of each party in this action as follows:

1. The citizenship of Plaintiff Timothy L. Gault;
2. The citizenship of Plaintiff Dena Gault;[2]
3. The citizenship of Defendant Illinois Central Railroad;
4. The citizenship of Decedent Bobby L. McIntosh prior to his death;[3]
5. The citizenship of Decedent Lanny A. Stocke prior to his death;[4] and
6. The citizenship of Sue A. McIntosh.[5]

The Court reiterates that it has not indicated it will dismiss the federal claim against Illinois Central Railroad Company for lack of subject matter jurisdiction. Rather, because Plaintiffs allege that diversity jurisdiction exists, the Court is directing Plaintiffs to provide the information necessary to assess the presence of diversity jurisdiction. Although the lack of diversity jurisdiction may not warrant dismissal of the state law claims at this time, it could become relevant as this case progresses. Plaintiffs shall file a

---

[2] Plaintiffs state their citizenship (Illinois) in the Second Amended Complaint. Plaintiffs' citizenship, however, is not included in the Third Amended Complaint. For purposes of clarity, the Court is requiring Plaintiffs to file a single pleading stating the citizenship of all parties.
[3] Plaintiffs direct claims against the estate of Bobby L. McIntosh. For purposes of assessing diversity jurisdiction, now or later, the Court needs to know decedent's citizenship prior to his death. *See* 28 U.S.C. § 1332(c)(2); *Konradi v. United States*, 919 F.2d 1207, 1214 (7th Cir. 1990).
[4] Plaintiffs direct claims against the estate of Lanny A. Stocke. For purposes of assessing diversity jurisdiction, now or later, the Court needs to know decedent's citizenship prior to his death. *See* 28 U.S.C. § 1332(c)(2); *Konradi v. United States*, 919 F.2d 1207, 1214 (7th Cir. 1990).
[5] For the claims directed against Sue A. McIntosh, the Court needs to know her citizenship. Plaintiffs, in their Second Amended Complaint, indicate that Sue A McIntosh is a citizen of Missouri. The Court, however, is requiring Plaintiffs to state all parties state of citizenship in a single pleading.

supplemental pleading, stating the citizenship of each party, as specified above, on or before May 5, 2023.

**SO ORDERED.**

Dated: May 1, 2023

_____
DAVID W. DUGAN
United States District Judge